## IN THE CIRCUIT COURT FOR THE THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

| | |
|---|---|
| CONNIE GIBBS, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 04-L- 934 ) |
| JACK IN THE BOX INC., a Delaware Corporation, | ) ) ) 04-738 HPM |
| Defendant. | ) ) |

FILED AUG 27 2004
CLERK OF CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS #18

### CLASS ACTION COMPLAINT

Plaintiff, CONNIE GIBBS, individually and on behalf of herself and all others similarly situated, alleges for her complaint, upon personal knowledge as to herself and her own acts, and as to all other matters upon information and belief, based upon, <u>inter alia</u>, the investigation made by her attorneys, as follows:

### I.   NATURE OF THE ACTION

1.   This is a class action brought by Plaintiff individually and on behalf the class of all persons who were employed by Jack in the Box Inc. at any time from April, 1994, through the time of final judgment and who worked in excess of 40 hours in any given workweek but were paid less than 1 1/2 times their regular rate of pay, as defined fully in Paragraph 15 <u>infra</u> (the "Class").

### II.   JURISDICTION AND VENUE

2.   Personal jurisdiction over defendant Jack in the Box Inc. is proper under 735 ILCS 5/2-209(a)(1) (transaction of any business within this State), Section 2-209(a)(7) (making or performance of any contract or promise substantially connected with this State), Section 2-209(b)(4) (corporation doing business within this State), and Section 2-209(c) (any other basis

now or hereafter permitted by the Illinois Constitution and the Constitution of the United States). 735 ILCS 5/2-209(a)(1), (a)(7), (b)(4) and (c). Plaintiff seeks no relief, cause of action, remedy or damages that would confer federal subject matter jurisdiction upon the claims asserted herein, and expressly disclaims individual damages in excess of $75,000, excluding costs and interest, and causes of action arising under the laws of the United States. Plaintiff further disclaims any injunctive relief of any sort.

3. Venue is proper in this County under Illinois Code of Civil Procedure Section 2-101, as Defendant is a nonresident of this State, allowing commencement of this action in any county. 735 ILCS 5/2-101. Venue in this County is also proper under Section 10a(b) of the Illinois Consumer Fraud and Deceptive Business Practices Act, as Defendant is doing business in Madison County. 810 ILCS 505/10a(b). Venue is also proper because the cause of action arose in Madison County, Illinois.

### III. PARTIES

4. *Plaintiff.* Plaintiff CONNIE GIBBS, is a natural person and, at all times relevant hereto, a resident of Madison County, Illinois. Plaintiff was an employee of Defendant within the meaning of Sections 3(d) and 4a(1) of the Illinois Minimum Wage Law (the "MWL"), 820 ILCS 105/3(d) and 4a(1), within the relevant time period. As described more fully infra, during this time, Plaintiff was regularly employed by Defendant for workweeks in excess of 40 hours but paid less than 1 1/2 times the regular rate at which he was employed in violation of Section 4a(1) of the MWL, 820 ILCS 105/4a(1).

5. *Defendant.* Defendant Jack in the Box Inc. ("JIB") is a nonresident corporation organized under the laws of Delaware with its principal place of business in San Diego, California, and having offices in Glen Carbon, Madison County, Illinois, and throughout

Madison County, Illinois, and the surrounding area. JIB was at all times relevant hereto an employer within the meaning of Sections 3(c) and 4a(1) of the MWL, 820 ILCS 105/3(c) and 4a(1). As described more fully <u>infra</u>, during the relevant time period, JIB regularly employed Plaintiff for workweeks in excess of 40 hours but paid him less than 1 1/2 times the regular rate at which he was employed in violation of Section 4a(1) of the MWL, 820 ILCS 105/4a(1).

## IV. SUBSTANTIVE ALLEGATIONS

6. JIB, incorporated in 1971, operates and franchises Jack in the Box quick-service hamburger restaurants. JIB operates over 1,950 restaurants in at least seventeen states.

7. Since at least April, 1994, JIB has employed thousands of persons, including Plaintiff, whose job duties are predominantly food preparation and service. Although JIB gives these persons titles (e.g., "Management Trainee" or "First Assistant Manager") that imply that they are principally engaged in a bona fide executive, administrative or professional capacity, they are in fact not so engaged. Their titles notwithstanding, Plaintiff and other persons employed by JIB routinely worked in excess of 40 hours per work, with the vast majority of that time spent preparing and serving food to JIB customers, and other non-management functions. Class members spent little or not time at all performing any bona fide management functions.

8. Notwithstanding the prohibitions of the MWL, JIB failed to pay Plaintiff and other "managers" not less than 1 1/2 times their regular rate of pay for hours worked in excess of 40 in violation of Section 105/4a(1) of the MWL, 820 ILCS 105/4a(1) and the substantially similar laws of other states.

9. For example, Plaintiff was employed by JIB from – to – in the position of "Management Trainee." During that time period, Plaintiff was paid on a salaried basis and was not paid overtime, although she routinely worked in excess of 40 hours per week. Plaintiff did

not engage in management work, did not supervise the restaurant while she was on duty, did not have hiring/firing authority, but instead performed service, cooking and cleaning tasks like any hourly employee. The vast majority of employees employed in the store at any given time had purported managerial titles – like management trainee, first assistant manager, associate manager, and restaurant manager – and were salaried and did not receive overtime pay. Yet most of these employees did not truly exercise any management authority in the store.

10. JIB systematically classified Plaintiff and other JIB employees as salaried administrative employees or salaried management trainees exempt from the overtime pay provisions of the MWL and the wage and hour laws of other states when they were in fact not.

11. JIB's failure to pay Plaintiff and other similarly situated persons not less than 1 1/2 times their regular rate of pay for hours worked in excess of 40 per week violated the MWL and the substantially similar wage and hour laws of other states, insofar as these persons were not employed in any bona fide executive, administrative or professional capacity, or any other exempt category of employee, within the meaning of, e.g., Section 4a(2) of the MWL, 820 ILCS 105/4a(2). Instead, Plaintiff and other similarly situated JIB employees spent the majority of their working hours performing the duties that every hourly fast food workers does--preparing food, serving food, operating cash registers and keeping the restaurant clean according to JIB guidelines and instructions. Only a fraction of Plaintiff's and other "manager's" or "management trainee's" time was spent performing bona fide administrative duties.

12. Spending the majority of their time cooking, serving, collecting customers' money and cleaning up, Plaintiff and other JIB employees were routinely required to work more than 40 hours, sometimes as many as 90 hours, per week because of understaffing of hourly employees and the lack of any other restaurant "managers" at the location where they worked.

13.   At all times relevant hereto, notwithstanding the prohibitions of the MWL, JIB failed to pay Plaintiff and other JIB employee "managers" and "management trainees" 1 1/2 times their hourly rate for each hour worked in excess of 40.

14.   JIB intentionally characterized and labeled Plaintiff and other JIB employee "managers" (or other substantially similar titles) as such in order to circumvent the overtime provisions of the MWL and the substantially similar wage and hour laws of other states. JIB's unlawful conduct described herein created conditions detrimental to the maintenance of the minimum standard of living necessary for the health, efficiency and general well-being of workers in derogation of the legislative policy stated in Section 2 of the MWL, 820 ILCS 105/2, and the substantially similar laws of other states.

## V.   CLASS ACTION ALLEGATIONS

15.   This action is brought by Plaintiff individually and on behalf of the class persons defined _infra_, pursuant to Section 801 _et seq._ of the Illinois Code of Civil Procedure, 735 ILCS 5/2-801 _et seq._

### A.   Class Definition

16.   The class of persons on whose behalf this action is brought is defined as follows (the "Class"):

> All persons who were employed by Jack in the Box Inc. at any time from April, 1994, through the time of final judgment and who worked in excess of 40 hours in any given workweek but were paid less than 1 1/2 times their regular rate of pay as required by law.

Excluded from the Class are Defendant and members of the Illinois state judiciary.

### B.   Requirements for Class Certification

-5-

17. As set forth <u>infra</u>, this action satisfies the requirements of Section 2-801 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-801, making certification of this action as a class action appropriate.

### 1. Numerosity

18. The members of the Class, being geographically dispersed and numbering in the thousands, are so numerous that joinder of them in a single action is impracticable.

### 2. Adequacy of Representation

19. Plaintiff can and will fairly and adequately represent and protect the interests of the Class and has no interests that conflict with or are antagonistic to the interests of Class members. Plaintiff has retained attorneys competent and experienced in class action and complex litigation. Plaintiff and his counsel are aware of their fiduciary responsibilities to Class members and will diligently discharge those duties by vigorously seeking the maximum possible recovery for the Class. No conflict exists between Plaintiff and Class members because (a) the claims of the named plaintiff are substantially similar (if not identical to) those of absent Class members, (b) there are questions of law or fact that are common to the Class and that overwhelmingly predominate over any individual issues, such that by prevailing on its own claims, Plaintiff necessarily will establish Defendant's liability as to all Class members, (c) without the Class representation provided by Plaintiff, virtually no Class members will receive legal representation or redress for their injuries, (d) Plaintiff and his counsel have the necessary financial resources to adequately and vigorously litigate this class action, and (e) Plaintiff and Class counsel are aware of their fiduciary responsibilities to the class members and are determined diligently to discharge those duties by vigorously seeking the maximum possible recovery for the Class.

### 3. Common Questions of Law and Fact

20. There are questions of law and fact that are common to all class members, including inter alia:

(a) Whether the work performed by Plaintiff and other members of the Class is the kind of work that is exempt from the overtime pay provisions of Section 4a et seq. of the MWL, 820 ILCS 105/4a et seq. and other substantially similar state laws;

(b) Whether JIB's classification of "managers" was unreasonable and unlawful;

(c) Whether Plaintiff and other members of the Class worked in excess of forty hours per week performing non-exempt work;

(d) Whether JIB knowingly failed or refused to pay Plaintiff and other members of the Class overtime pay for each hour worked in excess of forty hours per week; and

(e) Whether JIB failed to maintain adequate time records for Plaintiff and other members of the Class in violation of Section 8 of the MWL, 820 ILCS 105/8, and the substantially similar laws of other states.

### 4. Appropriateness

21. This class action is appropriate (and superior) to any other available method for the fair and efficient adjudication of this controversy, given that:

(a) Common questions of law and fact overwhelmingly predominate over any individual questions that may arise, such that there would be enormous economies to the Court and the parties in litigating the common issues on a classwide instead of a repetitive individual basis;

(b)     The size of each Class member's relatively small claim is too insignificant to make individual litigation an economically viable alternative, such that as a practical matter there is no "alternative" means of adjudication to a class action;

(c)     Few Class members have any interest in individually controlling the prosecution of separate actions (any that do may opt out);

(d)     Class treatment is required for optimal deterrence and compensation and for limiting the court-awarded reasonable legal expenses incurred by Class members;

(e)     Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this class action to be litigated on a cost-effective basis, especially when compared with repetitive individual litigations; and

(f)     No unusual difficulties are likely to be encountered in the management of this class action insofar as Defendant's liability turns on substantial questions of law or fact that are common to the Class and that predominate over any individual questions.

## VI.  CAUSES OF ACTION

**COUNT I**
**(Violation of Illinois Minimum Wage Law (820 ILCS 105/1 et seq.) and Substantially Similar Laws of Other States)**

22.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 20, supra, as if fully set forth herein.

23.     At all times relevant hereto, there was in full force and effect an Illinois statute commonly known as the Minimum Wage Law, 820 ILCS 105/1 et seq., and substantially similar laws in other states, that required payment to Plaintiff and other members of the Class 1 1/2 times their regular rate of pay for each hour worked in excess of forty.

24. JIB willfully deprived Plaintiff and other members of the class of their right to overtime compensation under Section 4a(1) of the MWL, 820 ILCS 105/4a(1), and the substantially similar laws of other states.

25. As a direct and proximate result of the foregoing acts and/or omissions, Plaintiff and other members of the Class were damaged in an amount to be determined at trial.

WHEREFORE, plaintiff William A. Postelle, Jr., individually and on behalf the Class of persons described herein, prays for and Order of this Honorable Court as follows, but in no event shall the recovery to Plaintiff or any individual Class member exceed $75,000:

A. Certifying a Class of JIB employees as defined herein;

B. Designating Plaintiff as representative of the Class and his counsel as Class counsel;

C. Entering final judgment in favor of Plaintiff and the Class and against JIB for their damages, and for such other relief available by law, in an amount to be proven at trial;

D. Entering final judgment in favor of Plaintiff and the Class and against JIB reimbursing all allowable costs, including the reasonable fees and expenses of any necessary expert witnesses;

E. Entering terms for distribution of sums recovered in this action to Plaintiff and other members of the Class, including an award to Plaintiff as Class representative appropriate to compensate him for having performed the duties of Class representative;

F. Entering final judgment in favor of Plaintiff and the Class and against JIB indemnifying them for their reasonable attorneys' fees, or in the alternative, allowing Class counsel's fees to be paid from any common fund creates as a result of this action; and

G. Award such further relief as the Court deems just and equitable.

## COUNT II
### (Violation of Illinois Wage Payment and Collection Act (820 ILCS 115/1 et seq.) and Substantially Similar Laws of Other States)

26. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 20, supra, as if fully set forth herein.

27. The purpose of the Illinois Wage Payment and Collection Act (the "WPCA"), 820 ILCS 115/1 et seq., and substantially similar laws in other states, is to facilitate the collection of wages owed to employees. An employer must pay all wages due to its employees. Under the WPCA and other states' laws, wages are defined as any compensation owed an employee by an employer pursuant to an employment contract or agreement. See 820 ILCS 115/2. At all times relevant hereto, JIB was an employer and Plaintiff and other members of the class were employees within the meaning of the WPCA and substantially similar state laws.

28. Under Section 115/4 of the WPCA and similar laws in other states, JIB is obligated to pay its employees for all wages earned on a bi-weekly basis, and must do so not later than 13 days after the pay period in which such wages were earned. 820 ILCS 115/3 and 115/4. The obligations of the WPCA notwithstanding, JIB has failed to compensate Plaintiff and other members of the Class for the overtime pay due them under the MWA in violation of Section 115/4 of the WPCA, 820 ILCS 115/4.

29. As a direct and proximate result of the foregoing acts and/or omissions, Plaintiff and other members of the Class were damaged in an amount to be determined at trial.

WHEREFORE, plaintiff William A. Postelle, Jr., individually and on behalf the Class of persons described herein, prays for and Order of this Honorable Court as follows, but in no event shall the recovery to Plaintiff or any individual Class member exceed $75,000:

A. Certifying a Class of JIB employees as defined herein;

B. Designating Plaintiff as representative of the Class and his counsel as Class counsel;

C. Entering final judgment in favor of Plaintiff and the Class and against JIB for their damages, and for such other relief available by law, in an amount to be proven at trial;

D. Entering final judgment in favor of Plaintiff and the Class and against JIB reimbursing all allowable costs, including the reasonable fees and expenses of any necessary expert witnesses;

E. Entering terms for distribution of sums recovered in this action to Plaintiff and other members of the Class, including an award to Plaintiff as Class representative appropriate to compensate him for having performed the duties of Class representative;

F. Entering final judgment in favor of Plaintiff and the Class and against JIB indemnifying them for their reasonable attorneys' fees, or in the alternative, allowing Class counsel's fees to be paid from any common fund creates as a result of this action; and

G. Award such further relief as the Court deems just and equitable.

Dated: August 27, 2004

Respectfully submitted,

**CONNIE GIBBS**
**Class Plaintiff,**

By: _/s/ Thomas G. Maag_
Attorney for Plaintiff

Paul M. Weiss # 6217260
William M. Sweetnam # 6226203
**FREED & WEISS LLC**
111 West Washington Street,
Suite 1331
Chicago, Illinois 60602
Ph. 312.220.0000

Richard J. Burke # 6255504
Thomas G. Maag # 6276240
**THE LAKIN LAW FIRM, P.C.**
300 Evans Avenue, P.O. Box 229
Wood River, IL 62095-0229
Ph.   618.254.1127
Fax . 618-254-3032

**Attorneys for Plaintiff
and Proposed Class**